USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/13/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNEST IVERSON,

                    Plaintiff,

          v.

BRENDA SURBER, MAURICE AHEARN,
and G. TROMBLY,

                    Defendants.

---

No. 13-CV-633 (RA)

MEMORANDUM OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Following a three-day jury trial that resulted in a verdict for Defendants, Plaintiff, who was represented at trial but is now proceeding *pro se*, submitted motions for judgment as a matter of law and for a new trial pursuant to Rules 50 and 59. ECF Nos. 203–04, 216. For the reasons articulated in the Attorney General's moving papers, these motions are denied.

"Judgment as a matter of law may not properly be granted under Federal Rule of Civil Procedure 50(b) unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in his favor." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998). The movant bears a "particularly heavy" burden "where, as here, the jury has deliberated in the case and actually returned its verdict in favor of the non-movant." *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (citation omitted).

Under Rule 59(a), a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "The standard under Rule 59(a) is less stringent than that of Rule 50 in two respects: (1) a new trial under Rule 59(a) may be granted even if there is substantial evidence supporting the jury's verdict,

and (2) a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner." *Evans v. SSN Funding, L.P.*, No. 15-CV-5514 (ER), 2018 WL 3998025, at *7 (S.D.N.Y. Aug. 21, 2018) (citation omitted). "A court considering a Rule 59 motion for a new trial must bear in mind, however, that the court should only grant such a motion when the jury's verdict is egregious. Accordingly, a court should rarely disturb a jury's evaluation of a witness's credibility." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998).

Plaintiff cannot meet either burden. He asserts the following bases for relief: (1) the Court erred in excluding evidence that Sergeant Trombly had been named in previous lawsuits; (2) the jury's credibility determinations, particularly with respect to Trombly, were in error; (3) Plaintiff is in receipt of newly discovered evidence; and (4) the verdict in favor of Defendants was against the weight of the evidence. Even when considered cumulatively, there is no basis for granting either of Plaintiff's motions.

First, the Court had good reason to exclude the evidence pertaining to Sergeant Trombly, as it consisted only of allegations that had not in any way been substantiated and therefore the Court concluded it ran afoul of Rule 403. At the very least, this ruling did not constitute a "substantial error." *See Hill v. Quigley*, No. 12-CV-8691 (AKH), 2018 WL 4109299, at *2 (S.D.N.Y. Aug. 28, 2018). With respect to credibility determinations, it was not unreasonable for the jury to credit the testimony of Trombly and Surber and the Court will not disturb that assessment. *See Lewis v. Am. Sugar Refining, Inc.*, No. 14-CV-2302 (CRK), 2018 WL 4184475, at *6 (S.D.N.Y. Aug. 17, 2018). Nor do Plaintiff's allegations of newly discovered evidence entitle him to relief. This purportedly new evidence consists primarily of anticipated testimony by corrections officers and other inmates, as well as documents. But it is clear from Plaintiff's

motions that each of these pieces of evidence was available to him at trial. *See Mayimba Music, Inc. v. Sony Corp. of Am.*, No. 12-CV-1094 (AKH), 2015 WL 6917260, at *4 (S.D.N.Y. Apr. 30, 2015). Finally, the jury's verdict, in the Court's view, was not against the weight of the evidence.[1]

For the foregoing reasons, Plaintiff's motions are denied. The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 203, 204, 208, 214, and 216; close the case; and mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:    November 13, 2018
          New York, New York

                                    Ronnie Abrams
                                    United States District Judge

---

[1] Plaintiff also alleges that Defendants tampered with the jury because an attorney who is employed by the Attorney General was seen talking to one of the jurors in the security line to enter the courthouse. Defendants immediately advised the Court of this incident. Moreover, the attorney in question did not work on this case and was instead at the courthouse on the day in question on another matter. Finally, particularly because there is no indication that the attorney even knew the person in question was a juror on this case, there is no basis to conclude that the incident had any effect on the jury's verdict.